Anthony A. Patel
11693 San Vicente Blvd.
#461
Los Angeles, CA 90049
Telephone: (424) 350-0123
Facsimile: (310) 943-3829
tony@tonypatel.com

Plaintiff (Pro Se)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ANTHONY A. PATEL,

    Plaintiff,

vs.

CHARLES ROBINSON; JANET NAPOLITANO; JOHN MAZZIOTTA; MUNGER TOLLES & OLSON LLP; PERKINS COIE LLP; K&L GATES LLP; COLE & LOETERMAN LLP; MEYERS NAVE RIBACK SILVER & WILSON PLC; MCLA PSYCHIATRIC MEDICAL GROUP; MANATT PHELPS & PHILLIPS LLP; GEORGE KIEFFER; LEAH WILSON; KJAR MCKENNA & STOCKALPER LLP; CALLAHAN THOMPSON SHERMAN & CAUDILL; CHARLSTON REVITCH & WOLLITZ LLP; JENNER & BLOCK LLP; COLE PEDROZA LLP

Case No. CV19-2851-DOC (AFM)

COMPLAINT

DEMAND FOR JURY TRIAL

1
COMPLAINT

| | |
|---|---|
| MARANGA MORGENSTERN;<br>KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP;<br>DONAHOE & YOUNG LLP;<br>THE MALONEY FIRM APC;<br>and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMES NOW**, Plaintiff, ANTHONY AANAND PATEL, an individual ("Patel" or "Plaintiff"), who alleges continuing and ongoing violations of his civil rights, political rights, international legal rights and his self-evident and unalienable basic human rights as well as the other associated and related grievances alleged under applicable law, and specifically numerous and ongoing continuing violations by the Defendants named herein of the principles outlined in the *Declaration of Independence* and the United States Constitution (and The Universal Declaration of Human Rights), as follows herein:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the matters alleged in this Complaint (hereinafter, the "Complaint") pursuant to § 1331 of the U.S. Code. Certain of the matters in controversy in this Complaint arose under the United States Constitution, laws or treaties of the United States. The Court also has original jurisdiction over matters alleged in the Complaint pursuant to civil claims made by Plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and the United States Constitution. In addition, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343, because the action seeks redress relating to deprivation of Plaintiff's rights, privileges and immunities under federal laws.

2. This Court has supplemental jurisdiction (pursuant to § 1367 of the U.S. Code), to the extent necessary, over other claims asserted herein, as such

claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue lies before this Court for the Complaint, because: (a) the matters alleged in the Complaint, including the injuries alleged, occurred in the County of Los Angeles in the State of California, which is in the Western Division of the Central District of California; (b) contracts referenced in the Complaint were entered into and performed in the County of Los Angeles in the State of California, which is in the Western Division of the Central District of California; (c) obligations and liabilities of Defendants alleged in the Complaint arose in the County of Los Angeles in the State of California, which is in the Western Division of the Central District of California; and (d) the transactions, acts, practices and conduct constituting violations of the laws alleged herein occurred in the County of Los Angeles in the State of California, which is in the Western Division of the Central District of California.

## PARTIES

4. Plaintiff Patel is an individual citizen of the United States of America. He was born in Los Angeles, California. He is currently a resident of the County of Los Angeles, which is located within the State of California. Patel is an active member of the State Bar of Nevada. He was formerly a member of the State Bar of California (since 1999), from which he resigned in good standing, concurrently with the election of President Trump in 2016.

5. Defendant CHARLES ROBINSON, an individual ("Robinson"), does, and at all times mentioned in this Complaint did, maintain his principal place of business in the County of Alameda, California, with his principal place of business located at the University of California, Office of the President, 1111 Franklin Street, 8th Floor, Oakland, CA 94607. Robinson is an employee, officer, partner, principal, servant and/or agent of the State of California, and is

currently serving in the capacity of General Counsel.

6. Defendant JANET NAPOLITANO, an individual ("Napolitano"), does, and at all times mentioned in this Complaint did, maintain her principal place of business in the County of Alameda, California, with her principal place of business located at the University of California, Office of the President, 1111 Franklin Street, 8th Floor, Oakland, CA 94607. Napolitano is an employee, officer, partner, principal, servant and/or agent of the State of California, and is currently serving in the capacity of President.

7. Defendant JOHN MAZZIOTTA, an individual ("Mazziotta"), does, and at all times mentioned in this Complaint did, maintain his principal place of business in the County of Los Angeles, California, with his principal place of business located at the University of California – Los Angeles (UCLA), 10833 Le Conte Avenue, Los Angeles, CA 90095. Mazziotta is an employee, officer, partner, principal, servant and/or agent of the State of California, and is currently serving in the capacity of CEO of UCLA Health.

8. Defendant MUNGER TOLLES & OLSON LLP is a limited law or liability partnership ("Munger"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 350 S. Grand Avenue, 50th Floor, Los Angeles, CA 90071.

9. Defendant PERKINS COIE LLP is a limited law or liability partnership ("Perkins"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 333 S. Grand Avenue, Suite 3500, Los Angeles, California 90071.

10. Defendant K&L GATES LLP is a limited law or liability partnership ("K&L"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with

its principal place of business located at 10100 Santa Monica Blvd., 8th Floor, Los Angeles, CA 90067.

11. Defendant COLE & LOETERMAN LLP is a California law firm of some form ("Cole"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 1925 Century Park East, Suite 2000, Los Angeles, CA 90067.

12. Defendant MEYERS NAVE RIBACK SILVER & WILSON PLC is a professional law corporation or other law firm ("Meyers Nave"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 707 Wilshire Blvd., 24th Floor, Los Angeles, California 90017.

13. Defendant MCLA PSYCHIATRIC MEDICAL GROUP is a medical, professional, association or other form of organization ("MCLA"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 1560 E. Chevy Chase Dr., Suite 130, Glendale, CA 91206.

14. Defendant MANATT PHELPS & PHILLIPS LLP is a limited law or liability partnership ("Manatt"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 11355 W. Olympic Blvd., Los Angeles, CA 90064.

15. Defendant GEORGE KIEFFER, an individual ("Kieffer"), does, and at all times mentioned in this Complaint did, maintain his principal place of business in the County of Los Angeles, California, with his principal place of business located at 11355 W. Olympic Blvd., Los Angeles, CA 90064. In the alternative, or in addition, Kieffer also maintains a principal place of business in Alameda County, California, at the University of California, Office of the

President, 1111 Franklin Street, 8th Floor, Oakland, CA 94607. Kieffer is an employee, officer, partner, principal, servant and/or agent of the State of California, and is currently serving in the capacity of Chair of the Board of the Regents in addition to an employee, officer, partner, principal, servant and/or agent of Defendant Manatt. The term "Regents" refers to the REGENTS OF THE UNIVERSITY OF CALIFORNIA, which is an entity, chartered within the State of California as a government agency or an affiliated entity.

16. Defendant LEAH WILSON, an individual ("Wilson"), does, and at all times mentioned in this Complaint did, maintain her principal place of business in the County of San Francisco, California, with her principal place of business located at 180 Howard Street, San Francisco, CA 94105. Wilson is an employee, officer, partner, principal, servant and/or agent of the State Bar, and is currently serving in the capacity of Executive Director of the State Bar. The term "State Bar" refers to STATE BAR OF CALIFORNIA, an entity, chartered within the State of California as a government agency or an affiliated entity.

17. Defendant KJAR MCKENNA & STOCKALPER LLP is a limited law or liability partnership ("Kjar"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 840 Apollo Street, Suite 100, El Segundo, CA 90245.

18. Defendant CALLAHAN THOMPSON SHERMAN & CAUDILL LLP is a limited law or liability partnership ("Callahan"), which does, and at all times mentioned herein did, maintain its principal place of business in the County of Orange, California, with its principal place of business located at 2601 Main Street, Suite 800, Irvine, CA 92614.

19. Defendant CHARLSTON REVITCH & WOLLITZ LLP is a limited law or liability partnership ("Wollitz"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles

County, California, with its principal place of business located at 1925 Century Park East, Suite 1250, Los Angeles, CA 90067.

20. Defendant JENNER & BLOCK LLP is a limited law or liability partnership ("Jenner"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 633 West 5th Street Suite 3600, Los Angeles, CA 90071.

21. Defendant COLE PEDROZA LLP is a limited law or liability partnership ("Pedroza"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 2295 Huntington Drive, San Marino, CA 91108.

22. Defendant MARANGA MORGENSTERN is a professional law corporation and/or law firm ("Maranga"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 5850 Canoga Avenue, Suite 600, Woodland Hills, California 91367.

23. Defendant KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP is a limited law or liability partnership ("Kinsella"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 808 Wilshire Boulevard, 3rd Floor, Santa Monica, California 90401.

24. Defendant DONAHOE & YOUNG LLP is a limited law or liability partnership ("Donahoe"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 16133 Ventura Boulevard, 7th Floor, Encino, CA 91436.

25. Defendant THE MALONEY FIRM APC is a professional law

COMPLAINT

corporation and/or law firm ("Maloney"), which does, and at all times mentioned herein did, maintain its principal place of business in Los Angeles County, California, with its principal place of business located at 2381 Rosecrans Avenue Suite 405, El Segundo, CA 90245.

26. Any and every employee, officer, partner, principal, servant and/or agent of the State of California (or any of its affiliates, subdivisions, entities, subsidiaries or subgroups) who is a Defendant is sued in both the individual and official capacities, respectively, to the maximum extent that is permitted under applicable law. Where monetary liability does not attach to a Defendant for reasons of legal immunity (or otherwise), Plaintiff sues each and every such Defendant for any and all equitable, injunctive, declaratory and/or other suitable prospective non-monetary relief.

27. The true names and capacities of Defendant Does 1 through 10 (each, a "Doe Defendant", and collectively and together, "Doe Defendants") are unknown to Plaintiff, and therefore Plaintiff sues each of them by such fictitious names. Plaintiff will seek leave of the Court to insert the true names and capacities of each Doe Defendant as and when the same are ascertained. Plaintiff is informed and believes that each Defendant was an employee, agent, partner and/or servant of the other Defendants, with knowledge of events and actions alleged herein, and that each was acting within the course and scope of their respective authority and within the consent of each other Defendant, regarding certain allegations herein. Without limitation to the foregoing, Patel requests that the Doe Defendant designation herein be construed broadly in this Complaint to include more than 10 Doe Defendants. At present, the Local Rules in this Court only allow 10 such Doe Defendants to be designated (so Patel has done only that), but Patel alleges that there could be many more Doe Defendants, and would seek to add more than 10 Doe Defendants to this civil case (if needed) since applicable law would trump Local Rules on this issue.

## RELEVANT HISTORY

28. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 27, inclusive and as stated above, and makes the following additional allegations set forth below.

29. The relevant history that is applicable to this Complaint is stated in the docket of the case pending as *Patel v. Miller et al.*, Case Number 2:19-cv-00080-CBM (AFMx), in particular Plaintiff's filings (such as his initial complaint, amended complaint, oppositions and other pleadings and papers filed in that civil case).

## APPLICABLE BACKGROUND

30. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 29, inclusive and as stated above, and makes the following additional allegations set forth below.

31. In the case <u>Patel v. Miller</u>, Plaintiff has set forth many allegations and other facts of how he was thwarted by a wide variety of California state actors (such as, and without limitation, public officials, government employees, lawyers, law firms, California superior court judges, California appellate judges, and other powerful special interests in California – hereinafter, these California state actors are together and collectively referred to as "California State Actors") from running for Congress in 2014. The California State Actors instead sided with Patel's ex-wife (Sonya Bhatia) who is an attorney and beholden to many of these same special interests because she is a longtime business lawyer in California. In particular, although Patel and Ms. Bhatia agree on a wide number of political issues, she was opposed to his election campaign because she relies on these special interests and also her extended family (hereinafter, "Runchal/Bhatia Family") is very wealthy and opposed Patel's campaign theme(s). The Runchal/Bhatia Family, working with the California State Actors, had Patel labeled as mentally ill, to obstruct him.

32. The California State Actors then included a large number of family lawyers and family judges in California. In particular, one of Patel's campaign themes was that the current family law system is outdated and stems from an inability to understand the ramifications of no-fault divorce over 50 years now and same-sex marriage in recent years. Because family law involving kids uses a nebulous "best interests" standard which can and only is defined by family law firms and family law judges (which are well-connected and part of a very wide crony special interest culture), these firms have *carte blanche* essentially to define families. And they are doing so in a manner that is very detrimental, not only to the welfare of minor children, but the longer-term health of the United States and also our national security in the future. By intentionally distancing children from their fathers in order to promote the business of family law, and supported by California State Actors, these family lawyers and courts punish children merely because their parents split up by alienating them from their fathers almost 40% of the time.

33. By 2015, unable to run for Congress, and hoping to try to remedy the defects in the system on the heels of the Supreme Court also finally agreeing that same-sex marriage (and, by consequence, no-fault divorce are totally normal occurrences that should not be subject to discrimination), Patel filed to run for the State Assembly in 2016. He was hoping to challenge the local incumbent at the time. However, similar to obstructing his planned congressional campaign, the California State Actors continued to maintain a false diagnosis that Patel is mentally ill in order to prevent his campaign. The motivation in particular seems to be motivated by the fact that the incumbent in that office (Assemblyman Bloom) is himself a former family lawyer and may be wedded to some of these same corrupt special interests that favor family law firms and the business of family courts at the expense of America's longer-term interests and particularly our ability to compete with emerging global powers.

## GENERAL ALLEGATIONS

34. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 33, inclusive and as stated above, and makes the following additional allegations set forth below.

35. The specific allegations and claims that are set forth below in this instant Complaint are alleged in the alternative, where and as applicable. The gravaman of the Complaint is the violations of civil rights and associated misconducted that is alleged against the Defendants named herein. These violations of Patel's right have been perpetrated with the assistance, advice, cooperation and participation of California State Actors. There may be other claims under State law or federal law (or international law) that would be derivative, but to avoid repetition, the principal grievance articulated in this Complaint concerns Defendants and California State Actors depriving Patel of his rights, privileges and immunities under applicable federal, international and also California law. These Defendants have abused Patel's rights acting under the color of State law and perpetrated ongoing and continuing harm upon Patel.

36. The actions of Defendants were committed with fraud, oppression and malice and require an award of exemplary or punitive damages against all of the named Defendants.

37. Patel is a pro se litigant in this case, and the allegations made in this case concern injuries that he suffered for violations of his own rights, but he seeks no personal money recovery directly for himself. Any and all monetary damages that are recovered on behalf of Patel shall be payable directly to any suitable non-profit entities and charitable organizations that support the public interest and benefit and make our State and Country a better place for all citizens. Thus, Patel is acting more akin to a private attorney general in this case who is prosecuting this case (as well his other civil actions to date) for the sole benefit of the public interest.

38. The allegations in this instant civil case were only discovered or they occurred after the prior civil case was filed, <u>Patel v. Miller</u>. There is some overlap in Defendants, and some overlap in the issues involved, but this civil case forms in its own set of allegations based on misconduct by California State Actors and these Defendants, in particular, acting either in conspiracy and/or concert with the Regents and the State Bar to cause Patel continuing damage.

## SUMMARY OF FACTS

39. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 38, inclusive and as stated above.

40. Patel's ex-wife, along with her overly affluent Bhatia/Runchal family, has along with California State Actors, and now also these Defendants into 2019, discriminated against Patel. As Patel learned, the discrimination seems to come from his belief that <u>Bush v. Gore</u> was decided incorrectly. While Patel believes that President Bush would have very likely prevailed in any form of a recount, the Supreme Court's error in that case has continued to weaken our standing and legitimacy as a world leader. The effect of 19 years of that is evident in the rise of Russia as the leading superpower today, with China, India, Brazil, Germany, The Middle East and many others across the World willing to do business with Russia.

41. Patel alleges that he has been subject to persistent and systemic abuse based on his beliefs and desire to campaign for a better America and also a better State. While Patel endorses both President Trump and also Governor Newsom, they cannot do the job alone. At every turn of the road ahead, there are countless bureaucratic and other special interests (such as these Defendants and the California State Actors) who will use their entrenched power and their influence in the judicial system to prevent future Americans from succeeding. As a nation, particularly because 1/8 of our country is stuck with incompetent California lawyers and judges, we are on a path downward once President

Trump leaves office. Although many of the current challenges to President Trump are notable, it is very unlikely that any one of them can win, and also further unlikely that the world will trust any of them because they have put their trust in the President instead (and for good reason).

42. Our system today suffers from looking backward, and not being able to adapt to change. We are stuck in the past, in an America in which we were the undisputed world leader in 2000. But, as noted above, the Supreme Court removed that prestige and power from us by the manner in which it installed President Bush into office starting 2001, violating our own principles and derogating us in the eyes of the world. Judges looking backward to preserve their own power give all of our adversaries across the world a substantial advantage against all of us. The threats to American democracy and our republic are not decades or years away, they will be front-and-center once the current President leaves office. Even if Vice President Pence follows him into office, and despite the world's inclination to trust him as President Trump's successor (similar to their trust of President George H.W. Bush in 1988-1989 after President Reagan), Mr. Pence's social and other views make it very difficult for him to unite America in the years ahead.

43. Because of my stated views, and particularly the position that family courts in Los Angeles discriminate against fathers like me to detriment of the children (i.e. the next-generation of Americans is at significant disadvantage versus other countries), Defendants and others continue to abuse me. Our primary advantage as a country is our ability to incur an unlimited amount of debt, due to the sacrifices of the past generations of Americans over 243 years and the work of the original Americans (and native Americans) over the sum of the prior 400 years from the 1600s.

44. The California State Actors focus on their own outdated norms of how to practice law, but practice will never make anything close to perfect with

the way these people do things. From botched death penalty cases, to special interests funding children in elite colleges (as Governor Newsom commented on), a system that caters to wealthy elite is sure to bankrupt the values that all Americans held dear for our history. Nowhere is the desecration of our entire system more evident than in California today. Even if Governor Newsom fights it every day, at every moment, he cannot win against thousands of corrupt lawyers and hundreds of judges beholden to them. Even appointing someone else just results in the same problem, since the special interests control.

45. We are losing time as a society in our ability to compete and keep up with other nations, particularly in the 19 years that went by. President Obama did do his best to fight the system, but there is only so much one person can do, even if he or she is the President. Similarly, President Trump sends out hundreds of tweets, conducts many rallies, but for every battle he wins, there is always a judge somewhere ready to do the bidding of corrupt lawyers and cronies rather than the citizens themselves.

46. Now 243 years after the original declaration, the true reality is that rather than British lords oppressing us, we have our own judges here who maintain their allegiance to law firms and special interests and bureaucracies. Rather than King George, their allegiance is to the Dollar rather than the individual on the Dollar. They are likely to sell out our system to the highest bidders rather than to do the jobs that they were installed or elected to do which is to implement a fair and working legal system that is best for all Americans – not just the wealthy, privileged few represented by AmLaw's top law firms.

## FOR A CLAIM OF
## VIOLATION OF FEDERAL CIVIL RIGHTS
## AGAINST ALL DEFENDANTS

47. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 46, inclusive and as stated above.

48. Defendants have under color of statute, ordinance, regulation, custom, or usage, of the State of California, subjected, or caused to be subjected, Plaintiff (a citizen of the United States), to the deprivation of rights, privileges, or immunities secured by the Constitution and its laws thereunder. Therefore, Defendants are be liable to Plaintiff for the relief requested herein.

49. Defendants also conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of California, with intent to deny to Plaintiff (a citizen of the United States) the equal protection of the laws. Defendants conspired to injure Plaintiff and prevent enforcement of his rights as to the equal protection of applicable laws as a member of a specific class of individuals.

50. The violation of Patel's federal civil rights under 42 U.S.C. § 1983 and § 1985 has been ongoing, continuing and remains persistent through the date of this Complaint. In addition to violating Plaintiff's civil rights under federal law, these Defendants have also violated his California civil rights as well as his protected rights, constitutional rights and political, legal and human rights under international law (including his rights under the UDHR and other applicable international treaties and legal agreements). In addition, the Defendants have caused Plaintiff to suffer loss to his income and career.

51. Defendants' unfair practices violate norms of public policy and are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. The practices are likely to be injurious to other people in California, in particular Americans who support the federal government and federal law.

52. Plaintiff seeks damages against all Defendants. Furthermore, Plaintiff seeks declaratory, injunctive and equitable relief and decrees as allowed by applicable law. Plaintiff has been forced to live in fear, subjugation and humiliation, suffering due to Defendants, and is unable to succeed due to the constant attacks upon him once he returned to California from Nevada.

53. Defendants caused injury through their despicable, wanton and willful conduct that showed an utter disregard to the rights of Plaintiff. Plaintiff further alleges that Defendants denied him full and equal advantages, privileges and services because of his sex, race, ancestry, national origin, alleged medical condition and marital status. Defendants also denied, aided or incited a denial of, discriminated or made a distinction that denied, full and equal advantages, privileges and services to Plaintiff. A motivating reason for Defendants' conduct was its perception of Plaintiff's sex, race, ancestry, national origin, alleged medical condition and marital status. Plaintiff was harmed by this misconduct of Defendants. The misconduct of Defendants was a substantial factor in causing Plaintiff's harm, which resulted from the repeated, ongoing and continuing violations of Plaintiff's civil rights.

54. The declaratory relief and judgments sought will have the effect of helping to ensure Plaintiff can succeed in the future without harm or obstruction from the Defendants. In addition, as Patel's original goal was to make our legal system work better, the relief he requests is suited directly to that objective. The power of this Court is needed for remedies to prevent more violations of the Constitution and other laws. Additionally, the Court's power is needed for the goal of making our constitutional system work better so as to live up to its promises from 1776 & 1789 to all citizens. Any injustice or attack upon liberty anywhere in America is a threat to liberty and justice everywhere in America.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and any and every other applicable law or rule, Plaintiff hereby demands a trial by jury in any and all matters that are discussed in this instant Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered as follows (any monies recovered hereunder shall be payable by Defendants directly to suitable

non-profit entities or charitable organizations, and no monetary recovery is sought directly by the Plaintiff in respect of his injuries):

    1.    In respect of any and all monetary damages (e.g. any and all monies lost by Plaintiff, monies owed to Plaintiff for work performed lost income, emotional distress, pain and suffering, lost future income, disruption in the lives of Plaintiff and his children, harm to Plaintiff's reputation and other injuries, nominal and statutory damages for violations alleged, any and all general, special, consequential and compensatory damages, punitive and exemplary damages, and any and all pre-judgment and post-judgment interest upon damages at the maximum rate permitted by applicable law), Plaintiff requests that the following monetary judgment be entered against each and every Defendant in this proceeding: For a monetary judgment against each and every Defendant consisting of the total sum and value of such Defendant's total assets, to be tendered and delivered directly to non-profit entities or charitable organizations that support the United States military and/or other efforts at world peace (in the alternative, and at the Court's discretion once President Trump is reelected in 2020 and global nuclear war is averted, judgment may instead be entered in favor of any other suitable forms of non-profit entities or charitable organizations that support the nation's agenda as is set forth by the Congress of the United States pursuant to Article I of the Constitution and the President of the United States pursuant to Article II of the Constitution);

    2.    An amendment to his medical records as was requested in 2019;

    3.    Relief that includes a letter or other document filing in any and all courts, proceedings or other State matters, which explains that any and all files in any courts or elsewhere in this State have stricken his misdiagnosis as mentally ill from their records and that such misdiagnosis has always been incorrect since 2013 to the present, and that document shall be filed each and everywhere this misdiagnosis has directly or indirectly ever appeared;

4. All attorneys practicing in California shall be subject to the following maximum compensation levels for the next 8 years starting from January 1, 2021 and ending December 31, 2028: (a) intrastate law firms at partner, of counsel, associate salaries, respectively, that are no higher and also consistent with California Supreme Court justices, appellate justices and trial judges, respectively; and (b) interstate law firms at partner, of counsel, associate salaries, respectively, that are no higher and also consistent with United States Supreme Court justices, appellate circuit justices and district court judges, respectively; (c) all law firms or law practices in California shall be required to return any compensation above that level to the public interest in respect of the years January 1, 2013 to December 31, 2020; (d) this "claw back" shall be enforceable by any citizen of the United States of America in all district courts across the United States of America for the aforementioned period of time;

5. For any and all appropriate equitable, declaratory and injunctive relief and remedies;

6. For all costs of this Complaint and lawsuit related thereto;

7. For attorneys' fees (if any) in connection with or related to this Complaint, to the maximum extent permitted by applicable law; and

8. For such other relief as this Court deems just and proper.

Respectfully Submitted,

Dated: April 12, 2019

By:_____
ANTHONY A. PATEL
Plaintiff (Pro Se)