# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-02851-DOC (DFM) | Date: | December 2, 2019 |
|---|---|---|---|
| Title | Anthony A. Patel v. Charles Robinson et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Denise Vo | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| **Proceedings:** | **(IN CHAMBERS)** Order to Show Cause Why the First Amended Consolidated Complaint Should Not Be Dismissed |
|---|---|

On October 11, 2019, the Court issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Consolidated Complaint be dismissed in part with leave to amend and in part without leave to amend. See Dkt. 197. On October 30, the District Judge accepted the R&R. See Dkt. 218. On November 27, Plaintiff filed a First Amended Consolidated Complaint ("FACC"). See Dkt. 219. Plaintiff again asserts causes of action for deprivation of federal civil rights under 42 U.S.C. §§ 1983 and 1985 and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Although improved, the FACC suffers from several of the same substantive deficiencies set out in the Court's prior order.

For Plaintiff's § 1983 claim against the Public Defendants, Plaintiff has not sufficiently alleged facts plausibly suggesting that any of these Defendants have deprived Plaintiff of a right secured by the Constitution and laws of the United States. See Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Instead, Plaintiff merely re-alleges—without support—that he has a federal right to have alleged inaccuracies in his medical records corrected.

For Plaintiff's § 1983 claim against the Private Defendants, Plaintiff has not alleged facts plausibly suggesting that any of these Defendants have deprived Plaintiff of a right secured by the Constitution and laws of the United States, or that their alleged actions were taken under color of state law. See Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003). For the most part, Plaintiff alleges nothing specific about the private law firms other than that they are law firms. The allegations that specific law firms train associates to advocate for causes that Plaintiff disagrees with (or become judges with "bad judgment") do not support cognizable civil rights claims.

Plaintiff's § 1985 claim fails because he cannot state a plausible claim under § 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 930 (9th Cir. 2004).

Finally, for Plaintiff's civil RICO claim against all Defendants, Plaintiff has not alleged facts plausibly suggesting that any Defendant participated in (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activities (5) causing injury to Plaintiff's business or property. See Eclectic Props. E, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014).

**Ultimately, the FACC mostly repeats the allegations of the Consolidated Complaint. Consequently, Plaintiff is ORDERED to show cause no later than December 30, 2019, why the FACC should not be dismissed for failure to state a claim upon which relief can be granted. Failure to respond will result in the Court recommending that this matter be dismissed for failure to prosecute. In the meantime, Defendants are ORDERED to not file any responsive pleadings until directed to by the Court.**